## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROWAYTON VENTURE GROUP LLC;<br>ROWAYTON VENTURE GROUP R,<br>LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN MCCARTHY; SETH KAUFMAN;<br>AND KAUFMAN & CO., LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>19-12240-FDS |
| KAUFMAN & CO., LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ROWAYTON VENTURE GROUP LLC;<br>ROWAYTON VENTURE GROUP R,<br>LLC; DAVID CONTE; CHARLES<br>BAUER; and ANDREW VINEYARD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>19-12372-FDS |

## MEMORANDUM AND ORDER ON
## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

SAYLOR, C.J.

This is a lawsuit arising out of a contract for financial services.  Rowayton Venture

Group LLC ("Rowayton") and Rowayton Venture Group R, LLC ("RVG-R") (collectively, the

"Rowayton parties") sued Kaufman & Co., LLC; Seth Kaufman; and John McCarthy

(collectively, the "Kaufman parties") for fraud and breach of contract.  In a separate action,

Kaufman & Co. sued the Rowayton parties and three individuals—David Conte, Charles Bauer, and Andrew Vineyard—on various claims arising out of the same events.  The two matters have since been consolidated.

In May 2019, Rowayton and Kaufman & Co. executed a contract for financial-advisory services.  Rowayton engaged Kaufman & Co. to assist in securing financing for a business transaction.  In exchange, Kaufman & Co. would be paid certain fees and allegedly receive an equity interest in RVG-R.  In August 2019, that business transaction closed.  Rowayton now contends that Kaufman & Co. was not helpful in financing the deal and did not perform under the contract.  Accordingly, it has refused to pay any fees.

On October 30, 2019, the Rowayton parties filed this action for a declaratory judgment and for damages based on alleged fraud and breach of contract.  That same day, Kaufman & Co. filed its own lawsuit in Massachusetts Superior Court.  That complaint asserts various claims arising out of an alleged breach of contract by Rowayton.  That action was removed to this court, and on November 27, 2019, it was consolidated with this case.

The day before the actions were consolidated, the parties filed cross-motions to dismiss. One month later, the parties filed cross-motions for partial summary judgment.

On July 28, 2020, the Court granted in part and denied in part the Kaufman parties' motion to dismiss.  Specifically, the Court dismissed Count 2 (fraud) as to all defendants because the allegations in the complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6) and failed to state with particularity the circumstances constituting fraud under Fed. R. Civ. P. 9(b).  The Court also dismissed Count 3 (breach of contract) as to Seth Kaufman and John McCarthy because the allegations were insufficient to state a claim for individual liability.  The Court otherwise denied the motion.

On August 10, 2020, the Rowayton parties moved for leave to file an amended complaint, seeking to add new, and more particular, allegations to support their claim for fraud.

On August 24, 2020, the Court denied the parties' cross-motions for partial summary judgment.

For the following reasons, the Rowayton parties' motion for leave to amend their complaint will be denied.

## I.   <u>Legal Standard</u>

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings. Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant a motion to amend, courts must examine the totality of the circumstances and exercise their "informed discretion in constructing a balance of pertinent considerations."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)).  District courts enjoy "significant latitude in deciding whether to grant leave to amend."  *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008).

"[T]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."  *Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure § 1487, at 611 (2d ed. 1990)).  Leave to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[U]ndue delay, on its own, may be enough to justify denying a motion for leave to amend." *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016) (citing *United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, 750 F.3d 111, 119-20 (1st Cir. 2014); *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 20 (1st Cir. 2013)).  The moving party has "[at the very least] the burden of showing some valid reason for his neglect and delay." *Id.* (alteration in original) (quoting *Perez v. Hosp. Damas, Inc.*, 769 F.3d 800, 802 (1st Cir. 2014)).  When determining whether the moving party has satisfied that burden, courts must consider "[w]hat the plaintiff knew or should have known and what he did or should have done." *Id.* (alteration in original) (quoting *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000)). "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (citing *Acosta-Mestre*, 156 F.3d at 52-53).

## II.   **Analysis**

The Rowayton parties moved to amend their complaint approximately nine and one-half months after they filed their initial complaint.  (*Compare* Dkt. No. 44 (filed August 10, 2020), *with* Dkt. No. 1 (filed October 30, 2019)).  That, by itself, is probably not sufficient to constitute "undue delay." *See In re Lombardo*, 755 F.3d 1, 3-4 (1st Cir. 2016) (collecting cases that imposed on the movant the burden to explain grounds for delay when the delays were fourteen, fifteen, and seventeen months). *But see Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011) (finding four-month delay undue "under the circumstances").

Instead, the problem lies with the timing of the motion in relation to the Court's ruling on

the motion to dismiss.  The Kaufman parties moved to dismiss the fraud claim for failure to

allege fraud with particularity, as required by Rule 9(b).  (*See* Dkt. No. 12, at 2).  At that point,

the Rowayton parties could have sought leave to amend their complaint to fix the problem.

Instead, they opposed the motion.  The Court considered the memoranda and issued a written

opinion granting the motion.  Now the Rowayton parties are finally seeking to address the

problem, but this time with the benefit of the Court's ruling to guide them.  Indeed, they

expressly acknowledge that the Court's ruling is the *only* basis for their motion for leave to

amend.  (*See* Dkt. No. 44, at 1-2 ("The grounds for the present motion are that, in view of the

Court's Order dated July 28, 2020 . . . , Plaintiffs now state via the accompanying VERIFIED

AMENDED COMPLAINT further, more particular and sufficient facts to support proof of the

required elements of a Count for Fraud.")).

As a practical matter, therefore, the Rowayton parties are seeking to have that entire

motion practice rendered a complete and utter waste of time.  Furthermore, and to make matters

worse, the allegations that they seek to add plainly could have been included in the original

complaint; none of them include any facts that were not known to them at the time they filed the

original complaint.  *See Villanueva*, 662 F.3d at 127 (affirming denial of motion to amend four

months after initial complaint was filed where amendment would be "tantamount to restarting

the proceedings" with new defendants and a new cause of action, and plaintiff was aware of facts

underlying his proposed amendments before filing initial complaint and offered no justification

for his delay).

The Court does not sit as a sort of "super-lawyer," here to correct counsel's errors and

omissions, or to provide a roadmap as to how to draft a proper complaint.  Nor are plaintiffs

allowed to treat their original complaints as "risk-free trial balloon[s]" with the expectation that

the Court will grant leave to amend after it dismisses their claims.  *Hamilton v. Partners Healthcare Sys., Inc.*, 879 F.3d 407, 415 (1st Cir. 2018).  A party that decides to hold back and await a ruling on a motion to dismiss should not be placed in a better position as a result.  To rule otherwise would encourage poor lawyering, waste valuable court resources, and prejudice opposing parties.  Accordingly, the fact that the Court granted a motion to dismiss is not a "valid reason for [their] neglect and delay" in filing a motion to amend.  *Hagerty*, 844 F.3d at 34 (quoting *Perez*, 769 F.3d at 802).

Finally, many, if not all, of the proposed new allegations suffer from the same defects that plagued the original complaint.  For example, the proposed amended complaint includes the following new allegations, among others:

- "McCarthy indicated that he was impressed with a presentation given by the principals of Plaintiffs and the opportunities presented by the Transaction."  (Dkt. No. 44-1 ¶ 21).

- "McCarthy further informed Plaintiffs at the April 2019 Meeting that Kaufman was a small boutique investment banking firm that was extremely selective in their undertakings and that he, and Kaufman, were confident of their ability to meet Plaintiffs' funding needs."  (*Id.* ¶ 22).

- "McCarthy represented to Plaintiffs that he individually, and Kaufman as a company, had access and connections to numerous high net worth individuals and firms that could easily fund the Transaction."  (*Id.* ¶ 23).[1]

Those alleged misstatements are commercial puffery that are not actionable as

---

[1] The proposed amended complaint repeats those allegations in paragraph 60 as part of the fraud count itself.  (*See* Dkt. No. 44-1 ¶ 60).

misrepresentations.  *See Cummings v. HPG Intern., Inc.*, 244 F.3d 16, 21 (1st Cir. 2001)

(explaining that statements of "commercial puffing" are inactionable statements of opinion).

      In any event, the Court need not review each allegation to ascertain whether it complies

with the requirements of Rule 9(b).  Instead, and for the reasons set forth above, the motion for

leave to amend will be denied on the ground of undue delay.

**III.**    **Conclusion**

      For the foregoing reasons, the Rowayton parties' motion for leave to amend is DENIED.

**So Ordered.**

                                   */s/*  F. Dennis Saylor IV
                                   F. Dennis Saylor, IV
Dated:  October 19, 2020              Chief Judge, United States District Court